ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

MAY 23 2013

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

JEFFREY HORTON,

    Plaintiff,

v.

HSBC BANK USA, N.A., et al

    Defendants.

CIVIL ACTION NO.

1:11-CV-3210-TWT-LTW

_____/

**PLAINTIFF'S FED. R. CIV. P. 46 OBJECTION TO THE
MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff, Jeffrey Horton, files this written objection to the Magistrate Judge's Order and Recommendation [Doc. 143] pursuant to Federal Rule of Civil Procedure 46 and 28 USC § 636(b), which states in relevant part, "A judge of the court may. . . modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Rule 46 provides, "When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection." Plaintiff has cured the deficiencies present at the time of the Magistrate Judge's decision, having revised the amendment and states as follows:

# INTRODUCTION

Plaintiff's motion for leave to file a proposed second Amended Complaint was denied on May 9, 2013 due to its futility, i.e., the proposed amendment, if allowed, would ultimately have been dismissed because it did not state a plausible claim for relief. For the same reason, it was recommended by the United States Magistrate Judge that dispositive motions of the Defendants be granted.

Plaintiff, in his complaint filed on September 21, 2011, outlined the facts surrounding this matter truthfully and as succinctly as he could at the time, in an effort to hold the Defendants accountable for the violations committed in their reporting to the credit reporting agencies of fraudulent information of which no factual basis exists. Once made aware of service deficiencies, Plaintiff took action immediately to cure them by amending the complaint on November 18, 2011. Leave of the court was not required due to the amendment having been filed within 21 days of Defendant First Premier's Answer. Fed. R. Civ. P. 15(a)(1)(B).

Searching for further remedy as a result of the denial of his motion for injunctive relief on July 20, 2012 due to its unavailability under FCRA, Plaintiff discovered State law statutes which appeared to provide the injunctive relief Plaintiff sought from the Court against the Defendants. As such, Plaintiff moved for leave to file an amended complaint on March 1, 2013, which included the State law claims. Defendants opposed, of course, however Plaintiff was not certain that either defendants' argument had merit since it appeared to Plaintiff that this Court

2

has previously held that a motion to dismiss under Rule 12(b)(6) is viewed with disfavor and rarely granted.[1] Had it been indicated (by the Court) that the proposed amendment had remaining deficiencies, Plaintiff would have made the corrections immediately by revising and moving to file a cured amendment sooner. It was perceived (incorrectly by Plaintiff) that this matter was ready to proceed to the scheduling phase, then on to discovery.

## ARGUMENT

Plaintiff respects the Magistrate Judge's findings, which cannot be argued, nor will Plaintiff attempt to. However, notably, Judge Walker did not find this matter to be frivolous, baseless or without merit. What the magistrate judge did find is that, at the time, Plaintiff's complaint and amended complaint proposed amended complaint "do not state a plausible claim for relief." Also found was that the "proposed second Amended Complaint would be properly dismissed" because it "fails to state a plausible claim under either the FCRA or the FDCPA." Each of the preceding conditions listed in the recommendation has been corrected in Plaintiff's revised proposed second Amended Complaint (filed simultaneously).

It is implied in the Order and Recommendation that had the magistrate judge found plausible claims for relief such as that which are included in the revised amendment, motion for leave would have been granted, and the dispositive motions of each Defendant denied, accordingly.

---

[1] *Jordan v. Trans Union LLC*, 377 F. Supp.2d 1307 -Dist. Court, ND Georgia 2005 (citing *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir.1968)

**Pro se pleadings are held to a less stringent standard**

The Eleventh Circuit has held that pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are to be liberally construed.[2] "A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3] The simplified notice pleading standard of Rule 8(a) provides that a statement must give the defendant fair notice of what the claim is. Plaintiff certainly thought he had accomplished that.

In Plaintiff's original and amend complaint, it is obvious that he is earnestly attempting to adequately set forth a claim and give the respondents fair notice of its basis. This objective was not met to the Court's standards, however the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.[4] Each party has made errors in these proceedings – Defendants *and* Plaintiff. Plaintiff's error however should not benefit the other parties by having dismissal granted, particularly when the mistakes have been corrected.

---

[2] *Bingham v. Thomas*, 654 F. 3d 1171 - Court of Appeals, 11th Circuit 2011 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998))
[3] *Estelle v. Gamble*, 429 US 97 -Supreme Court 1976 (citing *Haines V. Kerner*, 404 U. S. 519 (1972)), (quoting *Conley V. Gibson,* 355 U. S. 41, 45-46 (1957))
[4] *Id. Conley V. Gibson*, 355 U. S. 41, 45-46 (1957)

4

## Leave to amend shall be freely given

The Court has not stated that Plaintiff's charges lack merit; nor will either Defendant. Leave to amend should be when justice so requires. It has been established that in prior cases before the Eleventh Circuit that there is no numbered limit requirement pertaining to how many times the Court may grant leave to amend. ("the district court issued an order granting leave to file the Fourth Amended Complaint under the liberal amendment provision in Federal Rule of Civil Procedure 15(a)."[5]) (Adding an additional party).

District courts have broad discretion to grant or deny leave to amend, however "in the absence of undue delay, bad faith, dilatory motive, or undue prejudice, leave to amend is routinely granted."[6] As more fully set out in Plaintiff's Motion for Leave to File Revised Second Amended Complaint, none of the premises exist which would preclude the granting of Plaintiff's motion. Also, in cases were the plaintiff, in the complaint, "clearly and unambiguously alleges that Defendants, after properly receiving notice of the dispute from the credit reporting agencies, failed to uphold the duties enumerated in 15 U.S.C. § 1681s-2(b) . . . [the complaint] has stated a claim for relief."[7]

Pursuant to 28 USC § 636(b), a judge of the court may modify, in whole or in part, the findings or recommendations made by the magistrate judge, and may

---

[5] *WR Huff Asset Mgmt. v. Kohlberg, Kravis, Roberts & Co.*, 566 F. 3d 979 - Court of Appeals, 11th Circuit 2009
[6] *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir. 1994)
[7] Pinckney v. SLM Financial Corp., 433 F. Supp. 2d 1316 - Dist. Court, ND Georgia 2005

5

receive further evidence or recommit the matter to the magistrate judge with instructions. The proposed second amended complaint has been revised to more adequately plead a plausible claim. Motion has been made to file the revised second Amended Complaint. Also, Webbank and Capital One Financial Corporation, Capital One Services, LLC, and Capital One USA, N.A. have each received Requests for Waiver of Service of Summons. Premises considered, the Court should grant Plaintiff's Motion for Leave to File.

## CONCLUSION

For the reasons set forth above, Plaintiff objects to the Magistrate Judge's Memorandum Order and First Report and Recommendation and respectfully request that Plaintiff's Motion for Leave to File Revised Second Amended Complaint be granted and deemed filed, or in the alternative, dismiss the complaint with leave to amend or, dismiss the complaint without prejudice.

Respectfully submitted this 23rd day of May, 2013.

Jeffrey Horton, pro se
2890 Hwy 212 SW, Apt A-206
Conyers, GA 30094
(770) 807-4787
square360@gmail.com

6

# CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I, Jeffrey Horton, certify that I have served copies of the foregoing document electronically or by regular U.S. mail, with first-class postage affixed thereto, to each of the named Defendants via its' registered agent and/or counsel of record, on this __23__ day of __May__, 20 __13__.

_____
Jeffrey Horton, pro se
2890 Hwy 212 SW, Apt A-206
Conyers, Georgia 30094
Phone 770-807-4787
square360@gmail.com

STATE OF GEORGIA

COUNTY OF __Newton__

BEFORE ME personally appeared Jeffrey Horton who, being by me first duly sworn and identified in accordance with Georgia law, did execute the foregoing in my presence this __23__ day of __May__ 20 __13__.

_____
Notary Public

My commission expires: Feb. 24, 2017

CAROL A GILLEY
NOTARY PUBLIC
Newton County
State of Georgia
My Comm. Expires Feb. 24, 2017

1